United States v. Brown. Mr. Hornstein. Good morning, Mr. Chief Judge Pryor, and may it please the Court. My name is Bradley Hornstein. I represent Kerby Brown, Jr. Your Honors, the district court erred in denying Mr. Brown's Rule 29 motion for judgment of acquittal as a related account to the attempted sex trafficking of a minor because the government failed to prove with sufficient evidence that Mr. Brown committed the crime for the following two reasons. First, the defendant was not acting within the kind of culpability otherwise required for the commission of the crime for which he was charged. And second, and more importantly, the evidence failed to prove Mr. Brown engaged in the conduct that constituted a substantial step toward the commission of the crime, a necessary element of attempt. As to my first point, Judge, at a minimum, there should have been evidence that Mr. Brown tried to entice minor Victim 1 to engage in commercial sex acts. Wasn't there a fair amount of evidence about where Victim 1 was found and what the child witness testified to when she went and found her or met her at the hotel room? Judge Jordan, there was sufficient evidence with regard to where she was found, but absolutely not with regard to where the child witness found her and observed. What I'll explain is that the minor victim in this case did not testify, and so the evidence that the government presented is limited really to three witnesses. One, child witness. Another, Officer Ryder, Michael Ryder, who was a patrol officer who did no investigation, just responded the second day. And then the mother of child witness who just corroborates the testimony of child witness and of Officer Michael Ryder. Child witness never actually observed Mr. Brown interact with child Victim 1. Let me ask you just a question, and maybe I may not have the facts right, so tell me if I've misapprehended this. Did not child witness testify that Brown solicited minor Victim 1 for sex trafficking? Child witness did not. Child witness did testify that Mr. Brown attempted to recruit child witness. Right, but child witness 1 said nothing about minor Victim 1? Nothing, Judge Marcus, nothing with regard to an attempt to traffic. What did child witness 1 say about minor Victim 1? Child witness said that child witness responded to and arrived at the Ramada Hotel at a gathering where minor Victim 1 was, where Mr. Brown was also present in a hotel room. There was a table full of pills and needles. Correct, and at that table were two white women, neither of whom could be Heidi Archer, the co-conspirator cited by the government, because Heidi Archer is a black woman. Now, I thought while there, Brown asked them if they would like to make money like minor Victim 1 and explained the process of taking photographs, posting them online, having sex with men, and getting paid. That is correct, but in that, all that is limited to is evidence that Mr. Brown attempted to recruit. Right, but the question is in the course of attempting to recruit the child witness, did not Brown tell her that minor Victim 1 was working with him as a prostitute and he encouraged the child witness to do so as well? No, Judge Marcus. Maybe I've got that wrong, so correct me. I will, Judge Marcus, thank you. He did not say that minor Victim 1 was making money or working with him, and if he had said minor Victim 1 was working with him, if he had said minor Victim 1 was working with me, Judge Marcus, then that would be a different story. But he did say, I think you had just agreed with me, that the testimony was that he said, would you like, child witness, would you like to make money like minor Victim 1 by being a prostitute? So the word prostitute was obviously never used in the prior. I'm trying to sum it up. All right, you want me to go through it all again? Would you like to make money like minor Victim 1 by taking photographs, posting them online, having sex with men, and getting paid? What he said was, Judge Pryor. Did he do that? No, Judge. How not? He did not say, would you like to make money like minor Victim 1? What he said was, minor Victim 1 is making money. Doing that. He didn't say that. The record reflects, Judge Pryor, that he said minor Victim 1 is making money, and I think it's important to note that the government in their response added for me. Every time the government in their response, not this gentleman but his predecessor attorney, and not the attorney who tried the case in the lower court, every time they referenced this language of she is making money, they followed it with for me. And I understand why they did it. While the girls were in the room, someone showed a prostitution advertisement for minor Victim 1? Yes, Judge. It was not Mr. Brown who showed it. And so the person who showed it would have been acting on their own because there's no allegation that this is the product of a conspiracy. Ms. Archer was not present in that room. Ms. Archer was not in the picture at the time. And Ms. Archer is the only. The advertisement is of a photo taken in the same hotel room where the girls met Brown? Yes. Yes, Judge. But there is no evidence that Mr. Brown. Let me ask you on that. There were explicit photos of minor Victim 1 that were used to solicit prostitution. Were there photos, including Brown, that were offered and introduced into evidence? The defendant himself? Yes, Judge. There were a few photos, including Mr. Brown, that were introduced into evidence. What photos of Brown were introduced into evidence, and were they in relationship to or with minor Victim 1? So there was one photograph introduced into evidence in relation with minor Victim 1, Judge Marcus, and that was one photograph taken in a bathroom taken by minor Victim 1 where Mr. Brown was with her, and that was recovered from Mr. Brown's phone. And was that in that same Ramada Inn hotel room? I believe it was in the same bathroom, Judge. But that is the extent, and I think it's important to note, Judge Marcus, that that is the extent of the relationship between Brown and minor Victim 1 as testified to by child witness. But why can't you prove a substantial step or an attempt charge, circumstantial? Because you certainly can't. I don't want to put words in your mouth, but you seem to be suggesting that there's no direct evidence that he took a substantial step. And you may be right about that, that there's no direct evidence. Nobody saw him do X with regard to minor Victim 1. He didn't say the magic words about minor Victim 1. But I'm just wondering why you can't prove a substantial step for an attempt conviction circumstantially, and you have the evidence that Chief Judge Pryor and Judge Marcus laid out. You put all that together, right, and you put the fact that minor Victim 1 then was taken away or left. I don't want to put any description on it. You can describe it whatever way you want, but was taken away from the premises. She was working as a prostitute. There's an advertisement. There's a photo. I'm just not sure the circumstantial evidence is insufficient. So, Judge Jordan, I will also describe it as rescued. And, Judge Jordan, yes, of course, the substantial step can be proven by circumstantial evidence, but there is no circumstantial evidence in this case that Mr. Brown himself either created or posted the sex advertisement. By the way, who rented the rooms in the Ramada Inn? Do we have evidence about that? Yes, Mr. Brown rented the rooms. But, Judge Marcus, the issue is the substantial step, as argued by the government, and I would argue the only evidence of a substantial step is the sex advertisement, and there is no evidence that Mr. Brown posted it himself, prepared it himself at all. And so the issue is… But why can't a jury reasonably make that finding based on the fact that he had minor Victim 1 in a room that he rented in the Ramada Inn with drugs and needles, et cetera, and he had a picture of himself with minor Victim 1 in the bathroom of that same Ramada Inn, and then minor Victim 1, in your words, gets rescued in the end, and he asks, Mr. Brown asks the child witness whether or not she'd like to make money by basically becoming a prostitute. Put all that together, why can't a jury reasonably find that he was the source of the advertisement? Because, Judge Jordan, where Mr. Brown never interacted with minor Victim 1 per child witness's testimony, there was another man present. You say that he didn't interact with her, but he did interact with her because there was a picture of the two of them in a bathroom. Correct, Judge. There was some relationship or association between them. It's not like they saw each other for the first time that day at the Ramada Inn. Judge, they may very well have. We have no idea. The jury has no idea. That picture could have been taken that day. We do not know. And the issue is there was another man, Judge Jordan, another man who actually did exert control over minor Victim 1. Here's the deal. All these circumstances taken together could lead a reasonable jury to infer that he was the reason for this. I would say that, Chief Judge Pryor, it could lead a reasonable jury to infer that there was a conspiracy here, but the government didn't even try to prove that this was the product of a conspiracy, that the two white women were co-conspirators, that little brother, the person who was in charge. I think we understand your argument, Mr. Hornstein. You've saved five minutes for rebuttal. Let's hear from Mr. Chinchilla. Thank you, Chief Judge. Counsel, it would be very helpful for me just to zero in on the record. I don't have it right in front of me. What did Child Witness 1 say? Child Witness 1 said in docket entry 203-189 that the defendant said, Shay is making money, so you all should want to make money too. So it is correct that the statement is not from the defendant, according to Child Witness 1, that I'm prostituting or sex trafficking Minor Victim 1. However, as your honors have pointed out, the context, the circumstantial evidence is important because immediately after the defendant states that Minor Victim 1 is making money, he explains the definition of making money, and that is to have sex with men for money. And not only that, he had other people with him that were also engaged in the same conversation, explaining how everything was. So who was in the room when Child Witness 1 went in? According to Child Witness 1, it was her sister, her best friend, and then in the room was the defendant, his brother, and two white women. And so Minor Victim 1 was in there at the time? Oh, and Minor Victim 1, excuse me, yes. All right, now what does the picture evidence show? The picture evidence shows that Minor Victim 1 was at that same motel room at the Ramada Inn, and that one of the pictures in Exhibit 1, I believe, was with Minor Victim 1 and the defendant himself of a mirror picture. What does that picture show? That picture shows that Minor Victim 1 and the defendant are closely wrapped around each other, essentially posing for the picture. In the bathroom in the Ramada Inn? In the bathroom in the Ramada Inn. Child Witness 1 confirmed that looking at that picture, it matched the exact background of the Ramada Inn room that she was in on the day that the defendant tried to entice her and her friends to be separated. What about the other pictures, the pictures that were used to solicit, the pictures of Minor Victim 1? Can we tell, can we infer, or were we told where they were taken? Yes, there's multiple pictures of Minor Victim 1, some suggestive pictures, and they're clearly at the Ramada Inn with the same backdrop in the motel room, Child Witness 1 testified to. Same motel room? Same motel room. And we tell when they were taken, in relationship to when the rooms were rented? Yes, Your Honor. In November of 2018, around the same time that Child Witness testified to being at the Ramada Inn. I believe November 23rd, and these photos were taken, I think the day before. There's a time stamp on the picture? Yes, Your Honor. And it was around the same time that the Child Witness 1 testified to being at the Ramada Inn. And what's the evidence about who rented the room and when? The evidence comes from two receipts that show one of them, the defendant providing his license, his information, saying that he rented the motel room, which I would just note for the record, directly proves harboring as part of attempt for sex trafficking, and then a second receipt showing that the defendant signed off on a second motel room at the Ramada Inn. There were no, just to confirm, there were no, Minor Victim 1 did not testify. Were there any text messages, phone messages between Mr. Brown and Minor Victim 1 introduced? Between the defendant and Minor Victim 1? Yes. I'm trying to remember if there was. Not that I recall. The recollection is no, right? Yeah, I don't think there were any text messages introduced between Minor Victim 1 and the defendant. However, as Your Honors have pointed out, there is sufficient circumstantial evidence to show that the defendant actually made an attempt. And it's important just to emphasize that this court cannot overturn the jury's verdict if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty. And of course, all credibility findings must go in favor of the verdict. So here it's believed that the jury believed the testimony of Child Witness 1. And if everything she said was correct, that's more than enough evidence to sustain a conviction here for attempt. And if there are no further questions from the judges, the government rests on its briefs and asks that this court affirm the conviction of attempt. Thank you. Thank you, Mr. Chichella. Mr. Harrenstein. Thank you, Chief Judge Pryor. To address what Judge Jordan, Your Honor, asked about the text messages or phone messages between Minor Victim 1 and Mr. Brown, there were none. And I think that's an important juxtaposition against Count 3 where there was ample evidence on his phone of involvement with the minor victim 2 in Count 3. Also, the sex advertisements that were relative to Count 3 and Minor Victim 2 were all recovered from Mr. Brown's phone. The very experienced district judge recognized that the evidence on the attempt chart with regard to Minor Victim 1 was weaker than some of the other charges on which there was a wealth of evidence. That's a different question than whether or not the evidence was insufficient. Correct, Judge Pryor. Correct, Judge Jordan, but the evidence was insufficient because it required the jury to make a leap of faith without any factual evidence, whereas Judge Dimitrileous in the lower court denied the second Rule 29 argument because it was a question of fact for the jury. But it certainly isn't a fact. There was no evidence that could have established the fact that Mr. Brown prepared or had anything to do with the substantial step. Why would he have known that she was involved in prostitution if he was not involved? Because the presence of the other man, he could have been the person who was prostituting. He could just find that it was him. I mean, he had knowledge about what she was doing. He rented the hotel rooms. She was there with him and two other women in a place where drugs and needles and other things were found. He propositions the child witness to also join in the same activity or become part of the same activity. There's a photograph of him and Minor Victim 1 in the bathroom of the same hotel room. I mean, that's a lot of circumstantial evidence suggesting that he was involved and took a substantial step toward getting Minor Victim 1 involved in prostitution activities. That's just my take on the evidence. So, Judge Jordan, the jury could not find beyond a reasonable doubt that he did it. The jury could guess that he did it. And that's the best the jury could do is they... Look, this is circumstantial evidence, and this is a lot of it. A jury could reasonably infer that as he's trying to pimp, become the pimp for this child witness, he was already the pimp of the Minor Victim 1. Why isn't that a reasonable inference from this circumstantial evidence, all that circumstantial evidence that Judge Jordan just laid out? Judge Pryor, namely because of the presence of little brother, the other person who was on video kissing this 14-year-old girl who was the only... But taking all of... He's not the person who's acting in control. He's not the person who's saying, hey, would you like to make money like this person's making money? He's not the one who explains it all. He's not the one who rented the room. You've got two possibilities here, but why couldn't a jury say, well, we know which one is the pimp? Because this case, Chief Judge Pryor, this count was not the object or product of a conspiracy. And so the fact that this other person is the only person who's exerting control over Minor Victim 1 means that to find that Mr. Brown is guilty of the behavior of that other person is to find that they made an agreement and they agreed to co-conspire, but that wasn't even argued by the government in this case. The government only argued that Heidi Archer was the co-conspirator relative to Count 3. Heidi Archer was not involved in this case, even though the entire response presupposes that Heidi Archer was present, that Heidi Archer was involved, and I understand why the government tried to convince your audience. Of course, even if you were right about Count 2, he was also convicted of conspiracy in Count 1 to sex traffic a minor and also convicted of sex trafficking a minor, a different minor, on Count 3. He was sentenced to 360 months and a five-year term of supervised release, each to run concurrent with the other. Do I have that right? Yes, Judge. So it really wouldn't matter unless you were able to argue somehow that the court would have imposed a different sentence on the other two counts when he made them run all concurrently. So, Judge Marcus, it's our position that Count 2 should be reversed, and it should be remanded back to the district court for resentencing. The guidelines actually change because of the grouping. It would remove one of the grouping categories, and it would reduce the guideline range by at least one point. I would argue it would be more, but I see that my time is up, and if Your Honors have no further questions, I would ask that Your Honors reverse the conviction on Count 2 and remand the case for resentencing to the district court. Thank you. You were court-appointed, and we very much appreciate you taking the appointment and discharging your duty this morning.